```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

CALVIN DUNLAP and
TAMMY DUNLAP

    Plaintiffs

v.                                Civil Action No.: 2:05-0311

GREEN TREE SERVICING, LLC

    Defendant


## MEMORANDUM OPINION AND ORDER

Pending before the court is defendant's motion, filed April 20, 2005, seeking to compel arbitration or, alternatively, to dismiss or stay proceedings.

I.

As much of the factual background of this case was discussed in the court's previous order denying remand entered this same day, the court will not restate that discussion.

In their motion, Green Tree Servicing, LLC ("Green Tree"), notes that the contract in which plaintiffs financed the purchase of their mobile home contains an arbitration provision. Accordingly, Green Tree requests the court enter an order

1

compelling Calvin and Tammy Dunlap ("The Dunlaps") to arbitrate their claims, or, alternatively, to dismiss or stay this proceeding pending arbitration.

Plaintiffs responded contending the court should permit the parties to engage in discovery to determine whether the arbitration clause is unconscionable and to resolve any factual dispute as to whether the costs of arbitration are prohibitive. Green Tree replied disputing these contentions and arguing (1) the issue of unconscionability is to be determined by the arbitrator, (2) the arbitration clause entered into by plaintiffs is not unconscionable and discovery will not aid a determination of unconscionability, and (3) discovery will not shed further light on the cost of arbitration.

II.

The Federal Arbitration Act, 9 U.S.C. §§ 1, et seq. ("FAA") was enacted "to reverse the longstanding judicial hostility to arbitration agreements that had existed at English common law and had been adopted by American courts, and to place arbitration agreements upon the same footing as other contracts." Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 31 (1991).

As such, the FAA represents a strong federal policy in favor of arbitration. Sydnor v. Conseco Financial Servicing Corp., 252 F.3d 302, 305 (4th Cir. 2001). In Adkins v. Labor Ready, Inc., 303 F.3d 496 (4th Cir. 2002), the court stated:

> In the Fourth Circuit, a litigant can compel arbitration under the FAA if he can demonstrate "(1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the defendant to arbitrate the dispute.

Id. at 500-01 (quoting Whiteside v. Teltech Corp., 940 F.2d 99, 102 (4th Cir. 1991)). "The FAA mandates that if parties execute a valid agreement to arbitrate disputes, a federal court must compel arbitration." Syndor, 252 F.3d at 305.

Although the FAA represents a strong federal policy favoring arbitration, the court is the gatekeeper of whether the parties entered into a valid arbitration agreement. Hooters of America, Inc. v. Phillips, 173 F.3d 933, 938 (4th Cir. 1999). The Fourth Circuit has defined the parameters of this inquiry as follows:

> The judicial inquiry, while highly circumscribed, is not focused solely on an examination for contractual formation defects such as lack of mutual assent and want of consideration. Courts also can investigate the

3

> existence of "such grounds as exist at law or in equity for the revocation of any contract." However, the grounds for revocation must relate specifically to the arbitration clause and not just to the contract as a whole.

<u>Id.</u> (citations omitted). Ordinary state law principles that govern the formation of contracts guide the court's determination of whether the parties entered into a valid agreement to arbitrate. <u>Syndor</u>, 252 F.3d at 305.

### III.

A. <u>Unconscionability of the Arbitration Clause</u>

Defendant argues that since the arbitration clause is contained within the contract and is not a separate agreement, the plaintiffs' challenge to the formation of the arbitration agreement is a challenge to the entire agreement. As such, the allegations of unconscionability cannot be decided by the court and must be submitted to an arbitrator. Defendant's contentions are without merit.

In their response, it is clear the plaintiffs are asserting that only the arbitration clause is unconscionable. Moreover, no case cited by defendant recognizes the proposition that challenges to arbitration agreements, when the agreements are contained within the text of the entire contract, are

challenges to the contract as a whole.

Both state and federal law supports plaintiffs' limited discovery request to develop their claim that the arbitration clause is unconscionable.  State ex rel. Saylor v. Wilkes, 613 S.E.2d 914, 922 (W. Va. 2005) (when deciding whether an arbitration provision is unconscionable, the court should reference the entire contract, the nature of the contracting parties, and the nature of the undertakings covered by the contract); Carlson v. General Motors Corp., 883 F.2d 287, 293 (4th Cir. 1989) (when it is claimed that a contract clause may be unconscionable, the parties should be afforded a reasonable opportunity to present evidence as to its commercial setting, purpose and effect to aid the court in making the determination); See also Toppings v. Meritech Mortgage Services, Inc., 140 F. Supp.2d 683 (S.D. W. Va. 2001) (holding that to discharge court's duty to assure there is a valid arbitration agreement, limited discovery was necessary to determine if agreement to arbitrate was unconscionable).  Inasmuch as adequate support exists for their request, plaintiffs should be afforded the opportunity to conduct limited discovery on their claim the arbitration agreement is unconscionable.

B.   Costs of Arbitration

With respect to the costs of the arbitration, plaintiffs contend that the arbitration agreement in this case provides that the commercial rules of the American Arbitration Association ("AAA") will be applied.  Under the AAA's commercial rules, if the claim exceeds $75,000 then the consumer is to pay an administrative fee, which begins at $2,250.[1]  In addition, plaintiffs note that they would also be required to pay for arbitrator fees and rental of a room to conduct the arbitration.[2]  Defendant does not dispute that the plaintiffs will have to pay fees under the agreement, but suggests that discovery will not shed additional light on the cost of arbitration as the fees are based on the plaintiffs' damages, which they can estimate.

---

[1] The AAA's commercial rules provide in relevant part, "If the consumer's claim or counterclaim exceeds $75,000, or if the consumer's claim or counterclaim is non-monetary, then the consumer must pay an Administrative Fee in accordance with the Commercial Fee Schedule."  The corresponding commercial fee schedule provides for an initial filing fee of $1,500 and a $750 case service fee for a claim above $75,000 but not greater than $150,000.

[2] It is unclear from plaintiffs' response where the alleged requirement that they pay for arbitrator fees and room rental is found.  Additionally, it is unclear whether plaintiffs are alleging they would be entirely responsible for the costs of these items.

6

Under Green Tree Financial Corp.-Alabama v. Randolph, 531 U.S. 79 (2000) a party seeking to invalidate an arbitration agreement on the ground that it would be prohibitively expensive, bears the burden of showing the likelihood of incurring such costs.  Id. at 93.  In Green Tree, the Supreme Court ultimately remanded the case to allow for the development of a factual record on the costs of arbitration and plaintiff's inability to pay.  Id. at 92.  The Fourth Circuit has noted that Green Tree suggests an individualized showing of prohibitive expense to invalidate an arbitration agreement.  Bradford v. Rockwell Semiconductor Systems, Inc., 238 F.3d 549, 557 (4th Cir. 2001).  Under Bradford, an individual who claims to be financially burdened by an arbitration agreement should raise objections to the arbitration agreement by including a specific forecast of his expected costs and his expected financial burden prior to the beginning of arbitration.  Id. at 559.

The Fourth Circuit has not had occasion to directly address the question of whether limited discovery regarding the costs of arbitration is permitted.  However, the Third Circuit has read Green Tree as establishing the right of a claimant to invoke discovery procedures in a pre-arbitration proceeding to assist the claimant in meeting her burden of showing the

7

likelihood of prohibitive costs being imposed on the claimant. <u>Blair v. Scott Specialty Gases</u>, 283 F.3d 595, 608 (3d Cir. 2002). In <u>Blair</u>, the court further noted that the Fourth Circuit's decision in <u>Bradford</u>, which encouraged a pre-arbitration case-by-case evaluation of the claimant's expected costs and ability to pay, necessarily implies that some factual inquiry into costs is authorized. <u>Id.</u> at 609 (citations omitted).

At first blush, plaintiffs appear to need little additional information inasmuch as the initial cost of the arbitration agreement is readily discernible from the AAA commercial rules. However, in order to meet their burden plaintiffs must show that they will actually incur these fees and costs. Accordingly, at a minimum, more discovery appears necessary on the issues of potential waiver of fees under the AAA's commercial rules, any other safeguards provided by the AAA's rules for plaintiffs who are unable to pay, and whether plaintiff will indeed be required, as they allege, to pay all or a portion of the arbitration fees and room rental fees.

In permitting limited discovery on the issues of arbitration costs and unconscionability of the arbitration clause, the court wishes to make clear that it is not authorizing a "fishing expedition." The parties are permitted to only seek

8

information that is relevant to these two issues.

IV.

Based on the foregoing, it is ORDERED that:

1. Defendant's motion to compel arbitration or, alternatively, to dismiss or stay proceedings be, and it hereby is, denied without prejudice.

2. The stay entered by this court on November 14, 2005, be, and it hereby is, lifted only with respect to the limited discovery authorized below.

3. The parties be, and hereby are, directed to engage in limited discovery in accordance with this court's order. Such limited discovery shall be concluded by January 31, 2006. Defendant's renewed motion to compel arbitration shall be filed and served by February 15, 2006, with responses due by March 1, 2006, and replies due by March 10, 2006.

The Clerk is directed to forward copies of this order to all counsel of record.

DATED: November 28, 2005

John T. Copenhaver, Jr.
United States District Judge